AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>4364 Leesburg Court North<br>Columbus, OH 43228 | ) ) ) Case No. 2:18-mj-630<br>) )<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Southern____ District of ____Ohio____ *(identify the person or describe property to be searched and give its location)*: Property to be searched, 4364 Leesburg Court North, is a two story, single family, townhome style apartment, with white colored brick, with white trim and shutters, and the numbers "4364" above the front door; and the surrounding curtilage. The townhouse is an end unit with the front door facing south.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21/18__ U.S.C. § __841a/924c__ , and the application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature  #4800

Jason R. Burns, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Aug. 22, 2018

_____
Judge's signature

City and state: Columbus, Ohio

Kimberly A. Jolson, U.S. Magistrate Judge
*Printed name and title*

*PROBABLE CAUSE AFFIDAVIT*
4364 Leesburg Court North, Columbus, OH 43228

I, **Jason R. Burns**, being duly sworn, depose and state that:

I am a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and have been so employed since September of 2005. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws pertaining to narcotics and firearm violations.

1. In July 2018, an ATF Confidential Informant (CI) advised S/A Jason Burns that a Drug Trafficking Organization (DTO) was operating on the west side of Columbus, OH, utilizing several residences to distribute narcotics known as "Trap Houses." The CI advised that she/he was provided a phone number to contact the DTO for narcotics, and identified Todd M. GALLAUGHER as a distributor for the DTO. The CI advised that the DTO supplies Heroin and Crack Cocaine. The CI advised that she/he has been to several Trap Houses used by the DTO and that firearms are present during the distribution of narcotics. The CI has provided reliable information that has been corroborated by S/A Burns.

2. A criminal history check on GALLAUGHER (FBI #: 264897RA2) revealed that on or about March 23, 2005, GALLAUGHER was convicted in the Franklin County Court of Common Pleas, Columbus, Ohio in Case #: 04-CR-8385 for Possession of Drugs, a felony of the fifth degree (F-5).

3. On or about July 27, 2018, the CI made a call to phone number (614) 270-3876, and an unknown male answered and advised the CI to come to 4364 Leesburg Court North Columbus, OH 43228, near the casino (Hollywood Casino). S/A's Jason Burns and Adam Klontz were present for this phone call. S/A Klontz drove the CI to this location, and the CI purchased an amount of Heroin and Crack Cocaine from GALLAUGHER with pre-recorded Government funds. This transaction was video and audio recorded, and the CI advised the CI entered the residence from the rear door and purchased the narcotics from GALLAUGHER. The CI advised that the narcotics and scales were located on a table in the kitchen. Your affiant watched and listened to the narcotics transaction between the CI and GALLAUGHER. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI.

4. On or about August 7, 2018, the CI made a recorded call to phone number (614) 270-3876, and GALLAUGER answered and advised the CI they were "by the casino." S/A Burns knows this location as 4364 Leesburg Court North Columbus, OH 43228. S/A Burns was present for this phone call. S/A Klontz drove the CI to this location, and the CI purchased an amount of Heroin and Crack Cocaine from GALLAUGHER with pre-recorded Government funds. This transaction was video and audio recorded, and the CI advised the CI entered the residence from the rear door and purchased the narcotics from GALLAUGHER. The CI advised that there was a black pistol laying out on the table, to the right of GALLAUGHER. Your affiant watched and listened to the narcotics transaction between the CI and GALLAUGHER. The audio and video of the narcotics transaction was consistent with the

description of the transaction as described by the CI. Your affiant field-tested the suspected Crack Cocaine, which tested positive for Cocaine.

5. On this same date, ATF Task Force Officer (TFO) Brian Boesch drove past the front of 4364 Leesburg Court North, and observed a green pickup truck with Ohio Tag: HBW-5432, parked in front of the townhouse marked "4364." The green pickup truck is registered to a Ronald E. Gallaugher II.

6. On or about August 17, 2018, the CI made a call to phone number (614) 270-3876, and GALLAUGER answered and advised the CI they were "by the casino." S/A Burns knows this location as 4364 Leesburg Court North Columbus, OH 43228. S/A's Burns and Klontz were present for this phone call. S/A Klontz drove the CI to this location, and the CI purchased an amount of Heroin from GALLAUGHER with pre-recorded Government funds. This transaction was video and audio recorded, and the CI advised the CI entered the residence from the rear door and purchased the narcotics from GALLAUGHER. Your affiant watched and listened to the narcotics transaction between the CI and GALLAUGHER. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI.

7. On this same date, TFO Boesch drove past the front of 4364 Leesburg Court North, and observed a green pickup truck with Ohio Tag: HBW-5432, parked in front of the townhouse marked "4364." The green pickup truck is registered to a Ronald E. Gallaugher II.

8. On or about August 21, 2018, S/A Burns drove past the front of 4364 Leesburg Court North, and observed a green pickup truck with Ohio Tag: HBW-5432, parked in front of the townhouse marked "4364." The green pickup truck is registered to a Ronald E. Gallaugher II.

9. On this same date, the CI made a recorded call to phone number (614) 270-3876, and a male voice answered and advised the CI they were "by the casino." S/A Burns knows this location as 4364 Leesburg Court North Columbus, OH 43228. S/A's Burns and Shane Messner were present for this phone call. The male voice indicated that they had Heroin and Crack Cocaine for sale.

10. Based on your affiant's training, knowledge and experience in investigating armed drug traffickers, your affiant knows:

    a. That drug traffickers must maintain on hand large amounts of U.S. currency in order to maintain and finance their on-going narcotics business;

    b. That narcotics traffickers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the transportation, ordering, sale and distribution of controlled substances. That narcotics traffickers commonly "front" (provide narcotics on consignment) narcotics to their clients; that the aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the traffickers have ready access to them;

2

c. That it is common for drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residence and/or businesses for their ready access and to conceal them from law enforcement authorities;

d. That drug traffickers commonly maintain addresses or telephone numbers in books, papers or on electronic media (computers, floppy disk, disks etc.) which reflect names, addresses and/or telephone numbers of their associates in the drug trafficking organization;

e. That narcotics traffickers often utilize electronic equipment such as computers, fax machines, currency counting machines and telephone answering machines to generate, transfer, count, record and/or store information concerning their drug trafficking activities;

f. That drug traffickers often take or cause to be taken photographs of them, their associates, their property, and their product. That these traffickers usually maintain in these photographs in their possession;

g. That based on my training and experience, that drug traffickers commonly have in their possession, that is on their person, at their residences and/or in their vehicles, ammunition and firearms such as pistols, revolvers, shotguns, and rifles, as defined by 18 U.S.C. § 921. Said firearms are used to protect and secure a drug trafficker's property, including but not limited to narcotics, jewelry, narcotic paraphernalia, books, records, U.S. currency, etc.

11. Based upon the above information, your affiant believes probable cause exists that now contained within the premises of 4364 Leesburg Court North, Columbus OH are:

a. controlled substances, including heroin, cocaine, and/or crack cocaine;

b. paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, stamp bags, ink pads and stampers, microwave ovens, heat-sealing devices, and dilutants such as mannitol, mannite, and vitamin B12;

c. books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances or reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances;

d. addresses and/or telephone books, rolodex, indices, and papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers, and/or telex numbers of co-conspirators and customers;

e. safes, money counting machinery, cash, currency, and records relating to controlled substances, income and expenditures of money and wealth, such as money orders, wire

transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, check registers, stocks, and bonds, as well as precious metals such as gold and silver, and precious gems such as diamonds – (this evidence often is located in a safe); as well as records relating to the sale, purchase and/or lease of automobiles, to include titles for all vehicles, and insurance records for all vehicles;

f. documents indicating travel in interstate and foreign commerce such as travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit cards receipts and telephone bills;

g. photographs, including still photos, negatives, video tapes, slides, films, undeveloped film and the contents therein, in particular photographs of co-conspirators and of assets;

h. computers, hard drives, cellular telephones, palm pilots, and/or other electronic media utilized for communication and data saving purposes, as well as documents relating thereto;

i. firearms and ammunition, as defined by 18 U.S.C. § 921 and other dangerous weapons; and

j. identification evidence and/or indicia (such as cancelled mail, deeds, leases, rental agreements, photographs, bills, diaries, keys, and identification documents) which tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises.

Which constitutes evidence of a crime, contraband, fruits of crime, instruments of the crime, and property illegally possessed and intended for use in committing a crime, relating to violations of Title 21 U.S.C. § 841(a) and Title 18 U.S.C. § 924(c).

_____
Jason R. Burns
Special Agent, ATF

Sworn to and subscribed before me this 22nd day of August 2018 in Columbus, Ohio.

_____
Kimberly A. Jolson
U.S. MAGISTRATE JUDGE

4

## ATTACHMENT A

### ITEMS TO BE SEIZED

1. Based upon the above information, your affiant believes probable cause exists that now contained within the premises of 4364 Leesburg Court North, Columbus, OH are:

   a) controlled substances, including, heroin, cocaine and/or crack cocaine;

   b) paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, stamp bags, ink pads and stampers, microwave ovens, heat-sealing devices, and dilutants such as mannitol, mannite, and vitamin B12;

   c) books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances or reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances;

   d) addresses and/or telephone books, rolodex, indices, and papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers, and/or telex numbers of co-conspirators and customers;

   e) safes, money counting machinery, cash, currency, and records relating to controlled substances, income and expenditures of money and wealth, such as money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, check registers, stocks, and bonds, as well as precious metals such as gold and silver, and precious gems such as diamonds – (this evidence often is located in a safe); as well as records relating to the sale, purchase and/or lease of automobiles, to include titles for all vehicles, and insurance records for all vehicles;

   f) documents indicating travel in interstate and foreign commerce such as travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit cards receipts and telephone bills;

   g) photographs, including still photos, negatives, video tapes, slides, films, undeveloped film and the contents therein, in particular photographs of co-conspirators and of assets;

   h) computers, hard drives, cellular telephones, palm pilots, and/or other electronic media utilized for communication and data saving purposes, as well as documents relating thereto;

1

    i)    firearms and ammunition, as defined by Title 18 U.S.C. Section(s) 921 and other dangerous weapons; and

    j)    identification evidence and/or indicia (such as cancelled mail, deeds, leases, rental agreements, photographs, bills, diaries, keys, and identification documents) which tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises.

Which constitutes evidence of a crime, contraband, fruits of crime, instruments of the crime, and property illegally possessed and intended for use in committing a crime, relating to violations of Title **21** United States Code, Section(s) **841(a)**; and Title **18** United States Code, Section(s) **924(c).**

2